EDWINA E. DOWELL, #149059
Assistant U.S. Trustee
NANETTE DUMAS, #148261
JOHN S. WESOLOWSKI, #127007
EMILY S. KELLER, #264983
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>RAJPAL SINGH BHULLAR,<br><br>　　　　　Debtor. | Case No. 10-61905 CN<br><br>Chapter 11<br><br>Date: April 7, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom 3070 |

### MOTION BY UNITED STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)

PLEASE TAKE NOTICE that at the date and time specified above, at the United States Bankruptcy Court, 280 S. First Street, San Jose CA 95113, the United States Trustee (the "UST") will, and hereby does, move the Court for the entry of an order to convert the above-captioned case to a Chapter 7 case pursuant to 11 U.S.C. Section 1112(b).

In support of this motion the UST asks the Court to take judicial notice of its own records in this case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. The declarations of Patricia M. Vargas ("Vargas Decl."), Emily S. Keller ("Keller Decl.") and Brian M. Martinson ("Martinson Decl.") in support of this motion are filed herewith.

The UST brings this motion to dismiss Rajpal Singh Bhullar's (the "Debtor") Chapter

11 case on the following grounds:

- the Debtor has failed to file cash collateral motions or stipulations with the lenders;
- the Debtor has failed to file timely, accurate and complete Monthly Operating Reports ("MORs"), thereby making it impossible for the UST, the Court and creditors to monitor the Debtor's performance while in bankruptcy, or to determine whether the Debtor has used cash collateral;
- the Debtor has failed to timely provide documents and file necessary amendments reasonably requested by the UST;
- the Debtor has failed to pay quarterly fees in accordance with 28 U.S.C. § 1930;
- the Debtor's actions (and inactions) to date demonstrate a disregard for the bankruptcy process and an inability to successfully reorganize;

This conduct constitutes cause for conversion.

## I. FACTS

1. The Debtor filed for Chapter 11 protection on November 17, 2010, a little over a month after Judge Efremsky dismissed his previous Chapter 11 case (10-54935) pursuant to a stipulation between the Debtor and the UST. The case had serious administrative problems: monthly operating reports were filed several months late, on the day before a status conference hearing; no cash collateral motions had been filed; and certain documents requested by the UST such as bank statements, tax return, and proof of insurance for real properties were never provided to the UST. Keller Decl., ¶ 2.

2. Like the first case, the Debtor's current case has administrative problems.

3. The Debtor has not paid quarterly fees for the fourth quarter of 2010. Vargas Decl., ¶ 4. The actual amount owed is unknown because the Debtor has not filed any monthly operating reports. *See id*, ¶¶ 3-4.

4. The Debtor has not filed a single monthly operating report. Reports for November, 2010; December, 2010; and January, 2011 are past due. Without timely,

complete and accurate MORs, the UST, creditors, and the Court are unable to verify whether the Debtor is making any progress toward reorganization, and cannot keep track of the Debtor's cash. Further, the UST is unable to accurately calculate the amount of quarterly fees owed by the Debtor.

5. The Debtor has not filed cash collateral motions or stipulations for use of cash collateral. The Debtor's primary source of income is from his real properties. *See* Schedule I. Debtor's counsel, Patrick Calhoun of Sagaria Law ("Counsel"), represented to the Court at the January 6, 2011 status conference that cash collateral motions would be filed "in the next seven days"; i.e., by January 13, 2011. Keller Decl., ¶ 4. Since then, at least one secured creditor, M.G. Santos has filed a notice of non-consent to use of cash collateral.

6. Because the Debtor has not filed any monthly operating reports, the UST cannot determine whether the Debtor has improperly used cash collateral. However, the Debtor's non-mortgage personal expenses of $3,340 exceed the $2,000 non-cash collateral salary he receives each month. *See* Schedules I and J.

7. The Debtor has not provided documents or filed amendments requested by the UST. On November 18, 2010, the UST sent a letter to counsel for the Debtor regarding the Initial Debtor Interview ("IDI"). The letter included a written request for documents to be provided to the UST prior to the IDI. Martinson Decl., ¶ 2.

8. At the conclusion of the IDI, the UST created a list of requested items to be provided to the UST and requested necessary amendments to be filed with the Court. (the "IDI Checklist"). The UST established December 22, 2010 as the due date for the requested items to be provided and filed; this due date was specified in the IDI Checklist. Martinson Decl., ¶ 4. The Debtor and Debtor's counsel signed the IDI Checklist, thus acknowledging the due date of the requested items. Martinson Decl., ¶ 5.

9. At the Debtor's status conference hearing on January 6, 2010, Counsel

represented to the Court that the documents and amendments requested by the UST would be provided and filed by January 12, 2011. This was the date of the Debtor's continued section 341 meeting. Keller Decl., ¶ 5. Neither Counsel nor the Debtor appeared at the continued section 341 meeting on January 12, 2011, nor did they provide the requested documents or file the requested amendments. *Id*.

10. As of the date of this motion, the Debtor has failed to provide all requested items including an amended Schedule A to delete the Sanger property;[1] amended Schedule B to report bank balances, US Bank accounts, $3,500 of rents receivable and value for entity AJIT; amended Schedule F to report dates of debts; amended schedules D and F to properly indicated the status of creditors of the Sanger property; amended SOFA item number 10 to report the transfer of the Sanger property to Debtor's LLC and subsequent sale of the Sanger property; and copies of note and sales documentation regarding the Sanger property. Martinson Decl., ¶ 6.

11. On Friday, January 28, 2011, a UST representative emailed Dominique Sopko of Sagaria Law, who is listed as counsel of record on the bankruptcy docket in this case, notifying her that the UST would file a motion to dismiss or convert the case if issues with monthly operating reports, cash collateral, amendments and requested documents were not addressed. Keller Decl., ¶ 6. Ms. Sopko acknowledged receipt of the email on the same day. *Id*. The UST has not received any further communication from anyone at Sagaria Law regarding this Chapter 11 case since then. *Id*.

12. Because the Debtor has not filed any MORs, has not provided the requested documents or filed requested amendments, the UST cannot determine the true state of the Debtor's financial affairs, and the public record in this case is not complete and accurate.

//

---

[1] The Sanger property was sold pre-petition, during the month between the Debtor's two bankruptcy cases.

## II. DISCUSSION

A bankruptcy court has the authority to order that a Chapter 11 case be converted or dismissed if cause is shown and if the court finds that conversion or dismissal is in the best interest of creditors of the estate. Specifically, § 1112(b) provides:

> . . . [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (Thomson Reuters/West 2011).

Section 1112(b)(4) of the Bankruptcy Code enumerates circumstances that constitute cause including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; . . .
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee;
>
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order of relief;
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by the court;
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28; . . .
>
> (M) inability to effectuate substantial consummation of a confirmed plan..."

11 U.S.C. § 1112(b)(4).

The factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is

permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000) (citation omitted).

Once the moving party has shown cause for conversion or dismissal, the burden shifts to the debtor to demonstrate the existence of unusual circumstances. *See* 11 U.S.C. § 1112(b)(2) amended by Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, 124 Stat. 3557 (2010).

For the following reasons, the UST respectfully asserts that cause exists to dismiss or convert this case to Chapter 7 and that conversion is in the best interest of creditors and this estate.

1. <u>The Debtor Has Failed to File Complete and Accurate MORs in a Timely Fashion</u>.

A debtor-in-possession has a duty to file MORs. *See*, 11 U.S.C. §§ 704(a)(8) and 1107(a). Bankruptcy Local Rule 2015-2 requires a Chapter 11 debtor to file the MORs no later than the 21st day of the month following the month to which the report pertains. Separate reports must be filed (and served on the UST) for each calendar month during which the case is pending, up to the time when the case is either converted or dismissed, or a plan is confirmed. B.L.R. 2015-2. The MORs should be accompanied by the debtor's bank statements and check registers for the applicable period. The purpose of the MORs is to aid the court, the UST, and creditors in monitoring the debtor's performance in the bankruptcy case and to allow all parties to take action if the debtor's situation worsens while in bankruptcy. Unexcused failure to satisfy timely any Chapter 11 filing or reporting requirement provides cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(F).

Here, the Debtor has not filed a single MOR in this bankruptcy case.

The Court, creditors and the UST are prejudiced by a debtor's failure to file timely and accurate MORs, because they have no way of knowing about the true state of a debtor's post-petition operations and the likelihood of any return to creditors, and whether the estate is being depleted or post-petition obligations are being increased. The UST is

unable to monitor post-petition borrowing, post-petition payments of pre-petition debt, or evaluate whether a debtor has sufficient income or cash flow from operations to fund a successful plan of reorganization. In addition, without MORs it is impossible to determine whether a debtor has defaulted on statutory quarterly UST fees.

Furthermore, the UST, the Court and creditors cannot monitor whether the Debtor is using cash collateral without authorization. The Debtor has not filed any cash collateral motions, although at the January 6, 2011 status conference, Counsel informed the Court and the UST that the motions would be filed "within seven days"; i.e., by January 13, 2011. Neither have any cash collateral stipulations been filed. The Debtor's personal expenses exceed his non-cash collateral income by over $1,000 per month. So, there is a high risk that the Debtor is dipping into cash collateral funds without authorization. Without MORs the UST, the Court, and creditors cannot verify that cash collateral funds have been segregated and are not being used improperly.

This Debtor has failed to comply with one of the most fundamental responsibilities of a debtor-in-possession by failing to timely file MORs. This constitutes cause to convert this case to Chapter 7. 11 U.S.C. § 1112(b)(4)(F); *see In re Tucker*, 411 B.R. 530 (Bankr. S.D. Ga. 2009) (finding that debtor's inability to timely file operating reports "evidences 'habitual noncompliance [which] calls in to question a debtor's ability to effectively reorganize.'") (quoting *In re 210 West Liberty Holdings, LLC*, 2009 WL 1522047 at *7 (Bankr. N.D. W.Va. 2009)).

2. <u>The Debtor Has Failed to Timely Provide Information Reasonably Requested by the UST</u>.

A debtor-in-possession is obligated to provide information regarding the estate and the estate's administration to interested parties upon request. *See* 11 U.S.C. §§ 704(a)(7) and 1107(a). A debtor's failure to timely provide information reasonably requested by the

UST constitutes grounds for dismissal or conversion.[2]  11 U.S.C. § 1112(b)(4)(H).  The UST asserts that a debtor's failure to timely file necessary amendments requested by the UST also constitutes grounds for dismissal or conversion.  *See In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000), *affd*. 264 F.3d 803 (9th Cir. 2001) (The factors enumerated under "cause" in section 1112(b) are not exhaustive, and a "court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.") (citation omitted).

Here, the Debtor has failed to provide the UST with material information reasonably requested by the UST; i.e., documentation of the sale of one of the Debtor's properties which took place during the month between his two bankruptcy cases.  Furthermore, the Debtor has failed to file the necessary amendments to the schedules and Statement of Financial Affairs to accurately report the his assets and liabilities, as reasonably requested by the UST.

The Debtor's failure to provide reasonably requested information and file requested necessary amendments constitutes cause for conversion under 11 U.S.C. § 1112(b)(4)(H).

3. <u>The Debtor Has Failed to Pay UST Quarterly Fees as Required Under 28 U.S.C. § 1930(a)(6)</u>.

Pursuant to Chapter 123 of title 28 of the Judicial Code, a Chapter 11 debtor must pay a quarterly fee to the United States trustee "for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first."  28 U.S.C. § 1930(a)(6) (West 2009).  The fee "shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.  *Id*.  Failure to pay the required

---

[2] Under 28 U.S.C. § 586(a)(3), the UST is given the duty to "supervise the administration of cases and trustees ... under chapter 11" and to take such action as the UST deems appropriate to "prevent undue delay" in the progress of a Chapter 11 case.  *Id*.  The UST is therefore a party in interest.  *See also* section 307 ("The United States Trustee may raise and appear and be heard on any issue in any case or proceeding under [title 11]. . .") 11 U.S.C. § 307 (Thomson Reuters/West 2011).

quarterly fees constitutes cause for dismissal or conversion of the Chapter 11 case. 11 U.S.C. § 1112(b)(4)(K).

Here, the Debtor's quarterly fees for the fourth quarter became due on January 31, 2011, but no quarterly fees have been paid. Because the Debtor has not filed any MORs, the actual amount due cannot be determined, and may be higher than the minimum quarterly fee of $325. The Debtor's failure to pay quarterly fees demonstrates the Debtor's inability or unwillingness to comply with the requirements of this Court and the Bankruptcy Code, providing independent cause for this Court to convert the case to Chapter 7. 11 U.S.C. § 1112(b)(4)(K); *see, In re Tucker*, 411 B.R. 530, 535 (Bankr. S.D. Ga. 2009) (a debtor's "'habitual noncompliance calls in to question a debtor's ability to effectively reorganize.'") (quoting *In re 210 West Liberty Holdings, LLC*, 2009 WL 1522047 at *7 (Bankr. N.D. W.Va. 2009)).

### III. CONCLUSION

The Debtor's non-compliance with the administrative requirements of a Chapter 11 debtor-in-possession in this case and in his previous case exemplifies an unwillingness or inability to perform the duties required of a debtor-in-possession, and a disregard for the bankruptcy system from which the Debtor seeks protection. Based on the foregoing, the UST requests that the Court convert this case to Chapter 7, or for such other relief as the Court deems just and proper.

Dated: February 24, 2011     Respectfully submitted,

By:     /s/ *Emily S. Keller*

Emily S. Keller
Attorney for United States Trustee

Motion By United States Trustee To
Convert Chapter 11 Case To Chapter 7